# EXHIBIT "1"

# EXHIBIT "1"

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
TIMOTHY J. GONZALES, STATE BAR NO. 234923
D. AARON BROCK, STATE BAR NO. 241919

Attorneys for Plaintiff
MARTIN TINOCO

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**10/13/2021**
Clerk of the Court
BY: RONNIE OTERO
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

MARTIN TINOCO, an individual,

　　　　Plaintiff,

　vs.

RECOLOGY SAN MATEO COUNTY, a California Corporation; and
DOES 1-50, inclusive,

　　　　Defendants.

Case No.:　　**CGC-21-596047**

**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**

(1) DISABILITY/MEDICAL CONDITION DISCRIMINATION IN VIOLATION OF THE FEHA;
(2) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;
(3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;
(4) RETALIATION IN VIOLATION OF THE FEHA;
(5) FAILURE TO PREVENT IN VIOLATION OF THE FEHA;
(6) INTERFERENCE IN VIOLATION OF THE CFRA;
(7) RETALIATION IN VIOLATION OF THE CFRA;
(8) VIOLATION OF CALIFORNIA LABOR CODE §6409.6; and
(9) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.

**DEMAND FOR JURY TRIAL**

///

1
COMPLAINT

Plaintiff, MARTIN TINOCO, hereby brings his employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

### THE PARTIES

1. At all times mentioned herein, Plaintiff, MARTIN TINOCO, is an individual.

2. At all times mentioned herein, Defendant RECOLOGY SAN MATEO COUNTY was a California Corporation, doing business in the State of California, County of San Francisco, at 50 California St., 24 Floor, San Francisco, CA 94111. At the time the causes of action arose, Defendant was Plaintiff's employer.

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

5. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

///
///
///
///
///
///
///

**ALLEGATIONS**

6. Plaintiff began his employment with Defendant as a sanitation driver on or about October 16, 2010.

7. For a decade, Plaintiff performed his job duties in an exemplary manner.

8. Unfortunately, at the end of the workday on or about September 28, 2020, Plaintiff learned that he may have been exposed to COVID-19 by a family member. At that time, Plaintiff was suffering the physical symptoms of cough and diarrhea.

9. Almost immediately after learning he may have been exposed to COVID-19, Defendant requested that Plaintiff submit to a random drug test before he left work that day. At that time, Plaintiff informed Defendant he may have contracted COVID-19, and therefore, it wouldn't be safe for his coworkers and/or the healthcare providers if he stayed at work for a random drug test. In response, Defendant told Plaintiff that he needed to speak to upper management about the situation.

10. As instructed, Plaintiff attempted to speak to upper management to discuss his situation. However, when Plaintiff arrived at Defendant's management's offices, Plaintiff was informed that all members of upper management left for the day. By the time Plaintiff learned that all members of upper management left for the day, the clinic to get drug tested had closed. Therefore, Plaintiff went home and thereafter called Defendant to inform them that he was seeking a diagnosis for potential exposure to COVID-19.

11. On or about September 29, 2020, Plaintiff presented to his healthcare provider for a COVID-19 test. At that time, Plaintiff's healthcare provider gave Plaintiff an order to quarantine and/or isolate. Indeed, Plaintiff provided Defendant a doctor's note, which indicated if the test results were negative, he could return to work on October 5, 2020.

12. On or about October 1, 2020, Defendant approved Plaintiff to be off of work to seek a diagnoses for COVID-19 and/or to quarantine or isolate from on or about September 29, 2020 to on or about October 5, 2020.

13. On or about October 2, 2020, Defendant wrongfully terminated Plaintiff for the false and/or pretextual reason that Plaintiff did not take the random drug test on September 28, 2020.

14. Plaintiff is informed and believes Defendant wrongfully terminated Plaintiff on the basis of his perceived and/or disability(s)/medical condition(s) and/or in retaliation for requesting accommodations and/or requesting and/or taking protected leave and/or because a health care provider ordered Plaintiff to self-quarantine related to COVID-19 and/or because Plaintiff was experiencing COVID-19 symptoms and is seeking a medical diagnosis.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15. On October 12, 2021, Plaintiff filed charges with the State of California, Department of Fair Employment and Housing. The Department of Fair Employment and Housing closed Plaintiff's case in order to allow Plaintiff to pursue his civil remedies under the Fair Employment Housing Act ("FEHA") and issued Plaintiff a right to sue letter the same day.

**FIRST CAUSE OF ACTION**

**DISABILITY/ MEDICAL CONDITION DISCRIMINATION**

**IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

16. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 15 of this Complaint.

17. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

18. The FEHA requires Defendants to refrain from discriminating against any employee on the basis of perceived and/or disability/medical condition.

19. Defendants engaged in unlawful employment practices in violation of the FEHA.

20. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

21. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

22. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

23. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on a disability and required Defendant's managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA

**(Against ALL Defendants)**

24. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 23 of this Complaint.

25. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. The FEHA

imposes upon employers certain affirmative duties when confronted with an employee who has a disability/medical condition.

26. Defendants failed to fulfill their affirmative duty to reasonably accommodate Plaintiff. Defendants' actions were in direct contravention of the FEHA.

27. Plaintiff alleges that with reasonable accommodations he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner.

28. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to her damage in an amount according to proof.

29. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

30. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures to accommodate the disability of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///
///
///
///

# THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA

**(Against ALL Defendants)**

31. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 30 of this Complaint.

32. The FEHA makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

33. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to accommodate his known disabilities in violation of the FEHA.

34. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

35. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits and emotional distress, all to his damage in an amount according to proof.

36. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

37. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically required it to engage in the interactive process to accommodate the disabilities of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

1  Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or
2  conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be
3  awarded exemplary and punitive damages against each Defendant in an amount to be established
4  that is appropriate to punish each Defendant and deter others from engaging in such conduct in
5  the future.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

**(Against ALL Defendants)**

38. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 37 of this Complaint.

39. The FEHA protects all individuals from retaliation for engaging in a protected activity. Plaintiff engaged in a protected activity by reporting his disability(s)/medical condition(s) and/or requesting accommodation for his disability(s)/medical condition(s) and/or requesting leave and/or taking leave.

40. Thereafter, Defendants retaliated against Plaintiff and terminated his employment.

41. As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

42. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

43. As a direct and proximate result of Defendants' discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code §§ 12940, 12965 subdivision (b).

44. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent retaliation against and upon their employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION
## FAILURE TO PREVENT IN VIOLATION OF THE FEHA
**(Against ALL Defendants)**

45. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 44 of this Complaint.

46. At all times mentioned herein, California Government Code Section 12940, et seq., including but not limited to Section 12940 (k), was in full force and effect and was binding upon Defendants and each of them. This section imposes on an employer a duty to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, among other things.

47. Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

48. In failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940 (k), causing Plaintiff to suffer damages as set forth above.

49. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

50. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

51. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

52. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination and harassment against and upon their employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

**SIXTH CAUSE OF ACTION**

**INTERFERENCE IN VIOLATION OF THE CFRA**

**(Against ALL Defendants)**

53.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 52 of this Complaint.

54.   All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes the California Family Rights Act, Government Code §12945.2 et seq. ("CFRA") Defendant did business in the State of California, and Plaintiff is informed and believes Defendant employed 50 or more full or part-time employees.

55.   It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right under the CFRA.

56.   Defendant violated Plaintiff's CFRA rights by interfering with those rights by terminating Plaintiff's employment while he was on CFRA leave.

57.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

58.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

59.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

1  to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to
2  recover attorneys' fees and costs under California Government Code § 12965(b).

3  60.  Defendant had in place policies and procedures that required Defendant's managers,
4  officers, and agents to allow its employees to take leave under the law. However, Defendants
5  chose to consciously and willfully ignore said policies and procedures and therefore, their
6  outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for
7  the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each
8  Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the
9  wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive
10 damages against each Defendant in an amount to be established that is appropriate to punish each
11 Defendant and deter others from engaging in such conduct in the future.

## SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE CFRA

**(Against ALL Defendants)**

61.  Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 60 of this Complaint.

62.  All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes the California Family Rights Act, Government Code §12945.2 et seq. ("CFRA"). Defendant did business in the State of California, and Plaintiff is informed and believes Defendant employed 50 or more full or part-time employees.

63.  It is unlawful for an employer to retaliate against an employee for wanting or taking CFRA leave.

64.  Defendant violated Plaintiff's CFRA rights by retaliating against Plaintiff for taking CFRA leave and for his attempt to use CFRA leave in the future.

65.  As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of

12
**COMPLAINT**

1  trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288
2  and/or any other provision of law providing for prejudgment interest.
3      66.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff
4  has suffered and continues to suffer emotional distress, humiliation, mental anguish and
5  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and
6  believes and thereupon alleges that he will continue to experience said physical and emotional
7  suffering for a period in the future not presently ascertainable, all in an amount subject to proof
8  at the time of trial.
9      67.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff
10 has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected
11 to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to
12 recover attorneys' fees and costs under California Government Code § 12965(b).
13     68.  Defendant had in place policies and procedures that required Defendant's managers,
14 officers, and agents to allow its employees to take leave under the law. However, Defendants
15 chose to consciously and willfully ignore said policies and procedures and therefore, their
16 outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for
17 the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each
18 Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the
19 wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive
20 damages against each Defendant in an amount to be established that is appropriate to punish each
21 Defendant and deter others from engaging in such conduct in the future.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE §6409.6**

**(Against ALL Defendants)**

25     69.  Plaintiff restates and incorporates by this reference as if fully set forth herein
26 paragraphs 1 through 68 of this Complaint.
27     70.  At all times herein mentioned, the California Labor Code §6409.6 was in full force
28 and effect and was binding on Defendants.

13

**COMPLAINT**

71. California Labor Code §6409.6(f) provides in relevant part that an employer "shall not retaliate against a worker for disclosing a positive COVID-19 test or diagnosis or order to quarantine or isolate."

72. Defendant violated California Labor Code §6409.6(f) by retaliating against Plaintiff for disclosing an order to quarantine or isolate.

73. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

74. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

75. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

76. Defendant had in place policies and procedures that required Defendant's managers, officers, and agents to allow its employees to take leave under the law. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive

1 damages against each Defendant in an amount to be established that is appropriate to punish each
2 Defendant and deter others from engaging in such conduct in the future.

### EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

77. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 76 of this Complaint.

78. At all times mentioned, the public policy of the state of California, as codified, expressed and mandated in California Government Code § 12940 et seq. and California Labor Code §6409.6, is to prohibit employers from discriminating and retaliating against any individual on the basis of perceived and/or disability and/or medical condition and/or for engaging in protected activities, including requesting and/or taking protected leave. This public policy of the state of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

79. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in the CFRA was to prohibit employers from discriminating and retaliating against any individual based on taking and/or requesting and/or being entitled to Family Medical Leave. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

80. At all times mentioned, the public policy of the United States, as well as the state of California, as codified, expressed and mandated in "The Families First Coronavirus Response Act" is to prohibit employers from discriminating and retaliating against any individual who takes leave because he/she has been advised by a health care provider to self-quarantine related to COVID-19 and/or is experiencing COVID-19 symptoms and is seeking a medical diagnosis. This public policy of the state of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

81. Accordingly, the actions of Defendants, as described herein, were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California and the laws and regulations promulgated thereunder.

82. As a proximate result of the aforesaid act of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

83. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

84. Defendants had in place policies and procedures that specifically required Defendants' managers, officers, and agents to prevent the termination of its employees based on California public policy. Plaintiff relied on the fact that Defendants would follow these known policies, yet Defendants consciously chose not to follow said policies. Therefore, Defendants' conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///
///
///
///

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages;
4. For medical expenses and related items of expense, according to proof;
5. For loss of earnings, according to proof;
6. For attorneys' fees, according to proof;
7. For prejudgment interest, according to proof;
8. For costs of suit incurred herein;
9. For declaratory relief;
10. For injunctive relief; and
11. For such other relief and the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: October 12, 2021

BROCK & GONZALES, LLP

By: _____
TIMOTHY J. GONZALES
D. AARON BROCK
Attorneys for Plaintiff